1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| OUCH CHOURP, | CASE NO. 11cv0159 - IEG (JMA) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | [Doc. No. 3] |
| OCWEN LOAN SERVICING, LLC, formally doing business as NEW CENTURY MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; and DOES 1 through 50 inclusive, | |
| Defendants. | |

18

19

20

21

        Presently before the Court is a motion to dismiss brought by Defendants Ocwen Loan Servicing, LLC and Western Progressive, LLC (collectively "Defendants").  (Doc. No. 9.)  For the reasons described herein, the Court **GRANTS** the motion to dismiss.

22

## BACKGROUND

23

24

25

26

27

28

        On July 30, 2005, Plaintiff obtained a refinance loan from New Century Mortgage Corporation ("New Century") on property located at 3358 51st Street, San Diego, California 92105 ("the Property").  (Compl. ¶¶ 1, 26.)  The loan was evidenced by a note and secured by a deed of trust recorded against the Property.  (See Compl. ¶ 6; see also Defs.' RJN, Ex. 2.)  In April 2007, New Century assigned the deed of trust to U.S. Bank National Association ("U.S. Bank").  See Defs.' RJN, Ex. 3.  The assignment was recorded on March 19, 2008.  See id.

1    At some point thereafter, Plaintiff defaulted on her loan.  On December 18, 2009, Western

2    Progressive, acting as agent for the beneficiary, issued and recorded a Notice of Default and

3    Election to Sell.  (Compl. ¶ 26; see also Defs.' RJN, Ex. 4.)  On January 12, 2010, trustee U.S.

4    Bank executed a Substitution of Trustee in favor of Western Progressive.  (See Defs.' RJN, Ex. 5.)

5    The property was sold at auction to U.S. Bank as trustee on November 23, 2010.  (See Defs.' RJN,

6    Ex. 6.)

7    Plaintiff filed an action in the San Diego County Superior Court on December 22, 2010.

8    (Doc. No. 1.)  Defendants removed the action to this Court on January 25, 2011.  (Id.)  Defendants

9    filed the present motion to dismiss on February 1, 2011.  (Doc. No. 9.)  Plaintiff did not file a

10   response in opposition.  The Court vacated a hearing scheduled for March 14, 2011, taking the

11   matter under submission pursuant to Local Civil Rule 7.1(d).

12                                    **LEGAL STANDARD**

13   A complaint must contain "a short and plain statement of the claim showing that the

14   pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule

15   12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in

16   the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The

17   court must accept all factual allegations pled in the complaint as true, and must construe them and

18   draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty

19   Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a

20   complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state

21   a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

22   (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the

23   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

24   Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

25   However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

26   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

27   action will not do."  Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal

28   conclusions" as true.  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the

1  deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to

2  assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have

3  violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal.,</u>

4  <u>Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

5  **DISCUSSION**

6  **I.      Violation of California Civil Code § 2923.5**

7          In her first cause of action, Plaintiff alleges Defendants violated California Civil Code §

8  2923.5.  Defendants maintain the claim is moot because a foreclosure sale has already occurred.

9          The only remedy available for a § 2923.5 violation is a postponement of the foreclosure

10  sale.  <u>See</u> <u>Mabry v. Superior Court</u>, 185 Cal. App. 4th 208, 235 (2010); <u>see also</u> <u>Sanchez v.</u>

11  <u>MortgageIt, Inc.</u>, 2011 WL 588178, at *1 (N.D. Cal. Feb. 10, 2011); <u>Ingalsbe v. Bank of America,</u>

12  <u>N.A.</u>, 2010 WL 5279839, at *4 (E.D. Cal. Dec. 13, 2010); <u>Arvizu v. GMAC Mortg.</u>, LLC, 2010

13  WL 3958666, at *7 (E.D. Cal. Oct. 8, 2010).  In this case, because a foreclosure sale has already

14  occurred, <u>see</u> Defs.' RJN, Ex. 6, there is no remedy for the alleged § 2923.5 violation.

15  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's first cause of action.

16  **II.     Violation of California Civil Code § 2923.6**

17          In her fourth cause of action, Plaintiff alleges Defendants violated California Civil Code §

18  2923.6.  Defendants maintain that there is no private right of action under § 2923.6.

19          As numerous district courts have held, § 2923.6 does not require loan servicers to modify

20  loans, and it does not create a private right of action for borrowers.  <u>Monet v. Countrywide Home</u>

21  <u>Loans</u>, 2011 WL 1196461, at *3 (N.D. Cal. Mar. 29, 2011) (citing cases); <u>Arreola v. Wells Fargo</u>

22  <u>Home Mortg.</u>, 2011 WL 1205249, at *4 (E.D. Cal. Mar. 29, 2011) (citing cases); <u>see also</u> <u>Mabry v.</u>

23  <u>Superior Court</u>, 185 Cal. App. 4th 208, 222 (2010) ("[S]ection 2923.6 . . .  does *not* operate

24  substantively.  Section 2923.6 merely expresses the *hope* that lenders will offer loan modifications

25  on certain terms.").  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's fourth

26  cause of action.

27  *///*

28  *///*

**IV.    Violations of the Truth in Lending Act**

In her seventh cause of action Plaintiff seeks damages and rescission based on Defendant Ocwen's failure to make disclosures required by the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1693 (2009), and TILA's implementing regulation (known as "Regulation Z"), 12 C.F.R. Pt. 226.  Defendants maintain that Plaintiff's TILA claim is time barred.

A claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  As a general rule, the statutory period "starts at the consummation of the [loan] transaction."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  Because any claim under Regulation Z is derivative of a TILA claim, the same statute of limitations applies to Regulation Z claims.  A claim for rescission under TILA, on the other hand, is subject to a three-year statute of limitations.  15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first").

In this case, Plaintiff consummated the loan on July 30, 2005 but did not file her complaint until December 22, 2010, about a month after the sale of the Property.  See Compl. ¶ 26; Defs.' RJN, Ex. 6.  As a result, Plaintiff's TILA claims are time barred.  Because Plaintiff has not alleged facts demonstrating that she could not have discovered the alleged TILA violations by exercising reasonable diligence, the Court has no basis for concluding the statute of limitations should be equitably tolled.  See Meyer v. Ameriquest Mortg. Co., 342 F.3 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling to TILA claim because the plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); Hubbard v. Fid. Fed. Bank, 91 F.3d 75, 79 (9th Cir.1996) (the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's untimely TILA claims.

///
///

## IV.    Remaining Claims

In her second, third, fifth, and sixth causes of action, Plaintiff asserts causes of action for fraud, intentional misrepresentation, actual fraud under California Civil Code § 1572, and violation of California Business and Professions Code § 17200, respectively.

According to Defendants, Plaintiff's remaining claims are based on a few core allegations: "(1) that there was no assignment of record, (2) that the beneficiary declaration recorded with the notice of default was not signed under penalty of perjury, and (3) that Defendants lacked standing to foreclose." Id. at 4.  Defendants argue, essentially, that each of Plaintiff's core allegations is false or does not bear on her claims.  The Court turns to Plaintiff's allegations and Defendants' responses thereto.

*Assignment of Deed of Trust.*  The original beneficiary under the Deed of Trust was New Century.  See Compl. ¶ 6.  Plaintiff alleges Defendants lack standing to foreclose because there is no record of an assignment from New Century to Defendants.  Id. ¶ 30.  According to Defendants, there is a record of the assignment and, in any event, there is no requirement that the assignment be recorded in order for the assignee beneficiary to foreclose.  Defendants note further that the statutory provision upon which Plaintiff relies, California Civil Code § 2932.5, does not apply where the power of sale is set forth in a deed of trust.

While the Court must ordinarily accept as true all material allegations in the complaint at the motion to dismiss stage, the Court need not accept as true allegations that contradict facts which may be judicially noticed.  Sumner Peck Ranch, Inc. v. Bureau of Reclamation, 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citations omitted).  The Court takes judicial notice of the "Assignment of Deed of Trust" assigning the Deed of Trust from New Century to U.S. Bank.  See Defs.' RJN, Ex. 3.  The "Assignment of Deed of Trust" establishes the recordation of the assignment on March 19, 2008.

In any event, Defendants are correct that there is no requirement under California law that an assignment be recorded in order for an assignee beneficiary to foreclose.  See Selby v. Bank of America, Inc., 2010 WL 4347629, at *3 (S.D. Cal. Oct. 27, 2010); Parcray v. Shea Mortg. Inc., 2010 WL 1659369, at *11 (E.D. Cal. Apr. 23, 2010); Roque v. Suntrust Mortg., Inc., 2010 WL 546896, at *2-3 (N.D. Cal. Feb. 10, 2010).  Defendants are also correct that § 2932.5 is

1  inapplicable to deeds of trust.  Park v. Wachovia Mortg., FSB, 2011 WL 98408, at *8 (S.D. Cal.

2  Jan. 12, 2011).

3         *Possession of the Note.*  Plaintiff alleges Defendants do not possess the original note and

4  alleges further that the note is not a negotiable instrument.  See Compl. ¶ 28, 40.  Defendants

5  maintain production of the original note is not necessary to foreclose on the Property and that the

6  question of whether the note is a negotiable instrument has no relevance to Plaintiff's claims.  See

7  Defs.' Mot. at 7-8.

8         The Court agrees with Defendants on both points.  Under California law, production of the

9  original note is not required to proceed with a non-judicial foreclosure.  Putkkuri v. Reconstruct

10 Co., 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) (citing Cal. Civ. Code § 2924(a)).  The

11 question of whether the note is negotiable does not bear on the legitimacy of Defendants' non-

12 judicial foreclosure.  See Sanchez v. U.S. Bank, N.A., 2010 WL 670632, at *4 (N.D. Cal. Feb. 22,

13 2010).  The crux of Plaintiff's claims is an attack on the legitimacy of Defendants' non-judicial

14 foreclosure, so Plaintiff's allegation that the note is not negotiable does not bear on her claims.

15        *Power to Record Notice of Default.*  Plaintiff alleges that New Century and Ocwen are the

16 only parties entitled to enforce the note and initiate a non-judicial foreclosure.  See Compl. ¶ 32.

17 Defendant maintains that Western Progressive, as agent for the beneficiary, had authority to issue

18 and record the Notice of Default.  See Defs.' Mot. at 8-9.

19        In California, a beneficiary's authorized agent is entitled to initiate the foreclosure process.

20 See Cal. Civ. Code § 2924(a)(1) ("The trustee, mortgagee, or beneficiary, or any of their authorized

21 agents shall first file . . . a notice of default.").  Moreover, as Defendants note, Plaintiff alleges that

22 each Defendant in this action acted as the agent for each of the remaining Defendants, see Compl.

23 ¶ 5, an allegation consistent with the Notice of Default, which is signed by Western Progressive as

24 "agent for beneficiary."  See Defs.' RJN, Ex. 4.  Thus, Western Progressive had authority to

25 initiate the foreclosure process.

26        *Beneficiary Declaration.*  According to Defendants, Plaintiff alleges the beneficiary

27 declaration was not executed under penalty of perjury.  Defs.'s Mot. at 5.  Defendants maintain

28 there is no such requirement as a matter of law.  See id. at 5-6.  Defendants also note that, even

   though there may be a "technical deficiency" in the beneficiary declaration, Plaintiff does not

1    allege she suffered any prejudice as a result of such deficiency.  See id. at 6-7.

2         Defendants provide an incomplete description of Plaintiff's allegations regarding the

3    beneficiary declaration.  In addition to alleging the declaration was not executed under penalty of

4    perjury, Plaintiff alleges the declaration is false.  See Compl. ¶ 44.  Defendants have provided a

5    copy of the Notice of Default and accompanying declaration, but Defendants have not responded to

6    the falsity allegation.  See Defs.' RJN, Ex. 4; see generally Defs.' Mot.  Where the contents of the

7    documents are in dispute, those matters in dispute are not appropriate for judicial notice.  See

8    Darensburg v. Metropolitan Transp. Comm'n, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006)

9    (citing Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F. Supp. 2d 1224, 1234 (E.D.

10   Cal. 2003); United States v. Southern California Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal.

11   2004)).

12        Based on the foregoing, and upon a thorough review of Plaintiff's complaint, the Court

13   concludes the complaint contains a single allegation relevant to Plaintiff's remaining claims: that

14   the declaration accompanying the Notice of Default is false.  To the extent Plaintiff's claims are

15   grounded in fraud, however, that allegation is not sufficient to meet the heightened pleading

16   standard of Rule 9(b); Plaintiff must set forth what is false or misleading about the statement, and

17   why it is false.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  At any rate,

18   even if the misrepresentations were properly alleged, the fraud claims fail because there is no

19   causal connection between the misrepresentations and Plaintiff's damages.  See Moreno v. Wells

20   Fargo Home Mortg., 2011 WL 1375687, at *4 (S.D. Cal. Apr.12, 2011).  Had Defendants

21   contacted Plaintiff to assess her financial situation, Defendants would still have retained full

22   discretion to foreclose on the Property.  See id.  Plaintiff offers no reasonable basis to infer

23   Defendants would have postponed or otherwise altered its plan to foreclose on the Property, and

24   the outcome suggests otherwise.  Accordingly, any damages Plaintiff sustained were not caused by

25   the false declaration.  The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's

26   second, third, fifth causes of action for fraud, intentional misrepresentation, actual fraud under

27   California Civil Code § 1572, respectively.

28        In her sixth cause of action, Plaintiff alleges violation of California Business and

Professions Code § 17200.  Fraud is not an essential element of a claim under § 17200, although

1   allegations of fraudulent conduct must nevertheless satisfy the heightened pleading requirements of

2   Rule 9(b).  <u>Claridge v. RockYou, Inc.</u>, 2011 WL 1361588, at *6 (N.D. Cal. Apr. 11, 2011).

3   Defendants here have not established that Plaintiff's sixth cause of action is subject to the

4   heightened pleading requirements of Rule 9(b).  Moreover, contrary to Defendants' suggestion,

5   Plaintiff has pleaded an underlying violation of law, namely Defendants' failure to comply with

6   California Civil Code § 2923.5.  However, for the reasons stated above, Plaintiff offers no

7   reasonable basis to infer any damages she sustained were caused by the false declaration.

8   Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth cause of action.

9   **CONCLUSION**

10          For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss and

11   **ORDERS** as follows:

12          -  The following causes of action are **DISMISSED WITH PREJUDICE**: the first, fourth,

13   and seventh causes of action for violations of California Civil Code §§ 2923.5 and 2923.6 and the

14   Truth in Lending Act.

15          -  The following causes of action are **DISMISSED WITH LEAVE TO AMEND**: the

16   second, third, fifth, and sixth causes of action for fraud, intentional misrepresentation, actual fraud

17   under California Civil Code § 1572, and violation of California Business and Professions Code §

18   17200.

19          If Plaintiff wishes to file an amended complaint, she should do so **<u>within 21 days</u>** of the

20   filing of this order.  The amended complaint should only make the revisions discussed above,

21   should be a complete document without reference to any prior pleading, and should not add any

22   new causes of action.

23          **IT IS SO ORDERED.**

24   **DATED:  April 22, 2011**

25                                          _Irma E. Gonzalez_

26                                          **IRMA E. GONZALEZ, Chief Judge**
                                            **United States District Court**

27

28

- 8 -

11cv0159