|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| OUCH CHOURP,<br><br>                    Plaintiff,<br><br>     vs.<br><br>OCWEN LOAN SERVICING, LLC, formally doing business as NEW CENTURY MORTGAGE CORPORATION; WESTERN PROGRESSIVE, LLC; and DOES 1 through 50 inclusive,<br><br>                    Defendants. | CASE NO. 11cv0159 - IEG (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 17] |

This is a mortgage case. Plaintiff Ouch Chourp, acting *pro se*, filed suit in San Diego Superior Court in late 2010, and Defendants removed the action to this Court. On April 22, 2011, the Court granted Defendants' motion to dismiss and granted Plaintiff leave to amend. [Doc. No. 5.] In doing so, the Court stated that if Plaintiff wished to file an amended complaint, "she should do so **within 21 days** of the filing of this order." [*Id.*]

More than 21 days later, on May 25, 2011, Defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. No. 6.] Rather than filing an amended complaint, Plaintiff filed a response in opposition to Defendants' motion. [Doc. No. 7.] On July 1, 2011, the Court construed Plaintiff's opposition as a motion for leave to file an amended complaint, and granted Plaintiff an additional 21 days to file her amended complaint.

- 1 -

[Doc. No. 14.]

Presently before the Court is another motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 41(b) for for failure to timely amend the complaint and prosecute the action.  [Doc. No. 17.]  Defendants also filed a request for judicial notice that Plaintiff has filed another complaint in San Diego Superior Court against them on May 6, 2011.  [Doc. No. 18.]  To date, Plaintiff has yet to file an amended complaint or a response in opposition to Defendants' motion to dismiss.

## DISCUSSION

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ."  FED. R. CIV. P. 41(b).  The Court weighs five factors to decide whether to dismiss an action under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (citing *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996)).  The Court may grant dismissal "where at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal alterations and quotation marks omitted).  The Court need not make explicit findings to show that it has considered each of those factors.  *See id.*

The circumstances in this case warrant dismissal of Plaintiff's action.  As to the first and second factors, "[T]he public's interest in expeditious resolution of litigation always favors dismissal."  *Id.*  Here, the Court has given Plaintiff two opportunities to amend her complaint, but Plaintiff has failed to do so.  Therefore, "resources continue to be consumed by a case sitting idly on the court's docket."  *Edwards v. Martin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Regarding the third factor, prejudice to the defendant, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . .  The law presumes injury from unreasonable delay."  *In re Risen*, 31 F.3d 1447, 152 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524

1  (9th Cir.1976)) (alteration in original).  Here, in addition to injury from delay, Defendants have
2  shown actual prejudice because this action prevents them from being able to market the property at
3  issue.  [*Def.'s Mot.* at 2, 5.]
4      In addition, the fifth factor favors dismissal as well.  The Court has attempted to use less
5  drastic sanctions by previously denying Defendants' motion to dismiss and granting Plaintiff an
6  additional 21 days to file her amended complaint.  [Doc. No. 14.]  However, Plaintiff has still
7  failed to amend her complaint, and Plaintiff has failed to oppose Defendants' present motion to
8  dismiss.  Plaintiff appears to have abandon her case before this Court and attempted to proceed in
9  state court.  [Doc. No. 18, *RJN* Ex. 7].[1]
10     Only the fourth factor-public policy favoring adjudication on the merits-weighs against
11 dismissal.  This factor is insufficient by itself to warrant retaining Plaintiff's action.  *See Yourish*,
12 191 F.3d at 990.  Because four of the five factors support dismissal, the Court dismisses the action.
13 *See id.*

### CONCLUSION

15     For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss.
16 Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.  The clerk is directed to close the
17 case.
18     **IT IS SO ORDERED.**
19 **DATED:**  September 6, 2011

20     **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the complaint in *Chourp v. Ocwen Loan Servicing, LLC*, No. 37-2011-00090940-CU-OR-CTL, because it is a matter of public record. *See* FED. R. EVID. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).